UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS KENNEDY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2289** |
| **HOMECOMINGS FINANCIAL NETWORK** and **BANK ONE, N.A., F/K/A/ THE FIRST NATIONAL BANK OF CHICAGO** | **SECTION "A" (GTP)** |

## ORDER AND REASONS

Before this Court is a Motion to Compel, Motion to Stay Pending Arbitration filed by the defendant, Homecoming Financial Network [Doc. #14] and a Motion to Stay Mediation filed by the plaintiff, Louis Kennedy [Doc. #18]. These motions have been taken under submission without oral argument and solely upon the briefs. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.    Background**

This case arises from a loan agreement between Louis Kennedy and Sterling Lending Corporation. The loan agreement, evidenced by a note and a mortgage, was subsequently assigned to Bank One, and the servicing rights and obligations were assigned to Homecomings. The Mortgage, executed by Mr. Kennedy contains an "Agreement to Mediate or Arbitrate," type--written in bold print. In addition to the mortgage, the Plaintiff also executed a separate Arbitration

Agreement entitled "Acknowledgment and Agreement to Mediate or Arbitrate," which was typewritten in bold, capitalized letters. Both the Mortgage and the separate Arbitration Agreement stated that Mr. Kennedy agreed to arbitrate "all claims, counterclaims, disputes, legal controversies, and other matters in question arising out of, or relating to the extension of credit." [Doc. #14, Exhibit B at ¶ 28; Doc #14, Exhibit C at p.1].

In 2001, the defendants filed a foreclosure action against the plaintiff, seeking the seizure and sale of the plaintiff's property through executory process. The plaintiff filed for an injunction and reconvened. The plaintiff claims that this suit was settled, and the defendants later breached the settlement agreement, while the defendants claim that they merely attempted to work with the plaintiff to reinstate the mortgage loan. The plaintiff then filed suit in state court in March 2004 for "Damages for Illegal Financial Practices" and for "Temporary Restraining Order and Injunction to Halt Foreclosure and Illegal Sale of Property." The defendants then filed a second lawsuit seeking foreclosure on April 27, 2004. This case was consolidated with the plaintiff's action filed in March 2004. The defendants answered discovery in the March 2004 state court suit. The defendants made no demand at that time for arbitration or mediation. Then in May 2005, the defendants requested a settlement demand from the plaintiff. The plaintiff submitted a settlement demand on June 7, 2005. On March 23, 2006, the June 2005 offer was removed from consideration and the plaintiff filed this suit alleging federal RICO violations, seeking a declaratory judgment and unjust enrichment, breach of fiduciary duty, fraud, negligent misrepresentation, breach of contract, civil conspiracy, Louisiana RICO, violation of the Federal Fair Debt Collection Practices Act, violation of the Federal Real Estate Settlement Procedures Act, violation of Louisiana Consumer Credit Law

and other Louisiana tort law, Louisiana Unfair Trade Practices and Consumer Protection Act and other negligence and general tort claims. The defendant then filed this Motion to Stay Proceedings Pending Arbitration, and the plaintiff filed a Motion to Stay Mediation.

**II.    Law and Analysis**

**A.    FAA and Arbitration Clause Interpretation**

Where a contract contains an arbitration clause, there is a presumption of arbitrability. AT&T Techs, Inc. v. Communic'ns Workers of Am., 475 U.S. 643, 650 (1986); see also Primerica Life Ins. Co. v. Brown, 304 F.3d 469, 471 (5th Cir. 2002)(citing Southland Corp. v. Keating, 465 U.S. 1, 10 (1984)).  When considering a motion to compel arbitration under the FAA,[1] a court employs a two-step analysis. First, a court must "determine whether the parties agreed to arbitrate the dispute in question." Webb v. Investacorp, Inc., 89 F.3d 252, 258 (5th Cir.1996); see also, Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 626 (1985). Second, a court must determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims."  Mitsubishi, 473 U.S. at 628.  The issues presented for this Court are whether this dispute meets the two-step analysis that would require arbitration, and if so, whether the defendants have waived their right to demand arbitration by initiating prior judicial proceedings.

---

[1] No party disputes the applicability of the FAA to the Arbitration Clause at issue in this case.  Kennedy's loan agreement expressly states that the loan transaction involves interstate commerce.  See 9 U.S.C. § 2 (specifying that the FAA applies to any arbitration clause in "a contract evidencing a transaction involving commerce").

**B. Scope of the Arbitration Clause**

When deciding whether the parties agreed to arbitrate the dispute in question, "courts generally... should apply ordinary state-law principles that govern the formation of contracts." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); see also, Perry v. Thomas, 482 U.S. 483, 492-93 n. 9 (1987). In Louisiana, a contract is an agreement by two or more parties that creates, modifies or extinguishes obligations. La. Civ. Code Art. 1906. In applying state law, however, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Jr. Univ., 489 U.S. 468, 475-76, (1989). The Louisiana Supreme Court has affirmed the strong position of arbitration agreements under state law, stating that "even if some legitimate doubt could be hypothesized, this Court, in conjunction with the Supreme Court, requires resolution of the doubt in favor of arbitration." Aguillard v. Auction Management Corp., 908 So.2d 1 (La. 2005). In this case, there is no doubt that Mr. Kennedy agreed to mediate or arbitrate "all claims, counter-claims, disputes, legal controversies, and other matters in question arising out of, or relating to the extension of credit..." The Agreement to Mediate or Arbitrate that was contained in the Mortgage, as well as the separate Arbitration Agreement are clear evidence of this agreement. The scope of the agreement is broad in nature, and covers almost any type of claim that Mr. Kennedy would have against the defendants.

The plaintiff's claims brought in this lawsuit include: 1) a RICO charge; 2) declaratory judgment and unjust enrichment; 3) breach of fiduciary duty; 4) fraud; 5) negligent misrepresentation; 6) breach of contract; 7) civil conspiracy; 8) Louisiana RICO; 9) Fair Debt Collection Practices Act;

10) Real Estate Settlement Practices Act; 11) negligence; 12) Louisiana Consumer Credit Law; and 13) Louisiana Unfair Trade Practices and Consumer Protection Act.  There is no doubt that each of these claims "arises out of, or relat[es] to the extension of credit..."  Given that there is an enforceable arbitration or mediation agreement in effect, and the dispute arises out of the extension of that credit, this Court concludes that the parties "agreed to arbitrate the dispute in question."  Therefore, the first part of the two part test articulated in Mitsubishi is met.  473 U.S. at 628.

The second prong of this test, whether there are "legal constraints external to the parties' agreement foreclos[ing] the arbitration of those claims" is neutral in this case.  473 U.S. at 626.  The fact that the plaintiff raises a federal cause of action is not sufficient to overcome the arbitration agreement.  In order to overcome the presumption in favor of arbitration, the party opposing arbitration bears the burden of demonstrating that "Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue." Walton v. Rose Mobile Homes LLC, 298 F.3d 470, 473 (5th Cir. 2002)(citing Mitsubishi, 473 U.S. at 628). Furthermore, "[i]n every case the Supreme Court has considered involving a statutory right that does not explicitly preclude arbitration, it has upheld the application of the FAA." Id. at 474 (noting the court's consideration of cases brought under the Sherman Act, RICO, Securities Act of 1933, Securities Act of 1934, ADEA and TILA).  Therefore, because the plaintiff has not argued that Congress intended to preclude a waiver of judicial remedies for the statutory rights the plaintiff now asserts, and because the Supreme Court has upheld arbitration in all instances where the statute does not specifically preclude arbitration, this Court finds that there are no legal constraints external to the parties' agreement foreclosing arbitration.  Therefore, the two-part analysis under Mitsubishi would indicate that upholding the arbitration

agreement in this case would be appropriate. The Court will next consider whether the defendants waived their right to demand arbitration by taking prior judicial action.

**C.     Waiver of Right to Demand Arbitration**

A party waives its right to arbitration when, among other things, it invokes the judicial machinery to "the detriment or prejudice of the other party." Keytrade USA, Inc. v. Ain Temouchent M/V, 404 F.3d 891, 897 (5th Cir. 2005) (citing Republic Ins. Co. v. PAICO Receivables, LLC, 383 F.3d 341, 344 (5th Cir.2004). "[T]he party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." Id.) Despite the possibility of waiver, "[t]here is a well-settled rule in this circuit that waiver of arbitration is not a favored finding, and there is a presumption against it." Steel Warehouse Co. v. Abalone Shipping Ltd. of Nicosai, 141 F.3d 234, 238 (5th Cir.1998).

In this case, the plaintiff argues that the defendants have waived arbitration by initiating two suits against the plaintiff. The two suits that were previously filed by the defendants against Mr. Kennedy were foreclosure actions. The Acknowledgment and Agreement to Mediate or Arbitrate specifically provides that, "[n]otwithstanding the [provisions that require arbitration or mediation], this Agreement shall not apply with respect to....(ii) foreclosure proceedings, whether pursuant to judicial action, power of sale, assent to a decree or otherwise...." Therefore, given the plain language of the arbitration exclusion, these two suits would not fall within the scope of the arbitration agreement and would not, therefore, act as a waiver of the right to demand arbitration.

The plaintiff also argues that the defendants have waived arbitration because they participated in discovery in the plaintiff's state court Petition for Damages and Temporary

Restraining Order and Injunction filed in March 2004. This state court action was later consolidated with the defendant's Petition for Executory Process. The defendants answered the March 2004 suit in state court, without demand for arbitration or mediation. The defendants also answered discovery in state court. In order for the court to stay mediation or arbitration, the plaintiffs would have to prove that the defendants have litigated the same claim that the defendants now propose to arbitrate. Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 328-329 (5th Cir. 1999)(stating that "in order to invoke the judicial process, a party must have litigated the claim that the party now proposes to arbitrate." Id. (emphasis added)). In this case, the defendants seek to stay the court proceedings relative to the plaintiff's lawsuit alleging RICO and other numerous causes of action. The defendants raised the issue of arbitration as an affirmative defense in their answer, and have conducted no discovery relative to *this* lawsuit to date.

    Therefore, the only way the plaintiff could survive this Motion to Compel Arbitration would be if the claims that the defendant allegedly litigated in state court were the same claims as it seeks to avoid litigating by compelling arbitration in this suit. Defendants contend that they only litigated the right of foreclosure on Kennedy's property and did not litigate any claims concerning "illegal financial practices," and that therefore, it was unnecessary to demand arbitration until this suit was filed. The Fifth Circuit has addressed the issue of whether a party can invoke the judicial process if it litigates a non-arbitrable claim against a party with whom it has arbitrable claims. See Lawrence v. Comprehensive Business Services Co., 833 F.2d 1159, 1165 (5th Cir. 1987)(holding that franchisor who sued franchisees had not invoked the judicial process for purposes of a subsequent dispute)(citing Doctor's Associates, Inc. v. Distajo, 107 F.3d 126, 132-33 (2d Cir. 1997). The court

in Subway held "that a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." 169 F.3d at 328.

The plaintiff relies heavily on Republic Insurance Co. v. Paico Receivables, 383 F.3d 341 (5th Cir. 2004), wherein the Fifth Circuit upheld the district court's refusal to enforce an arbitration agreement because Republic "invoked the judicial process" to Paico's prejudice through extensive pre-trial activity before ever demanding arbitration. The facts in this case are easily distinguishable. In Republic, arbitration was demanded days before the originally scheduled trial date, after full-fledged discovery encompassing "all of the claims and counterclaims in the case" had been conducted. Id. at 343. The district court held that ordering arbitration at such a late date and after full-fledged discovery would "sorely prejudice" Paico in terms of legal fees, expert preparation, and trial preparation. Id. The Fifth Circuit has acknowledged other criterion for finding a waiver of arbitration: prejudice to the party opposing arbitration. "[P]rejudice...refers to the inherent unfairness in terms of delay, expense or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." Id. (citing Subway, 169 F.3d at 327; see also, Doctor's Assocs. v. Distajo, 107 F.3d 126, 134 (2d Cir. 1997)). In this case, the defendants demanded arbitration in their answer as an affirmative defense. While there may have been fees and costs associated with the foreclosure actions, those actions were not subject to this arbitration agreement, and therefore are not part of the prejudice analysis. The causes of action that are the subject of this lawsuit brought by the plaintiff have yet to be litigated and since arbitration was immediately demanded by the defendants, there has been no prejudice to the plaintiff in terms of delay, expense or damage to its legal position.   Furthermore, the Supreme Court has stated that

"any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself, or an allegation of waiver, delay or a like defense to arbitrability." Mitsubishi, 473 U.S. at 626.

Because this Court finds that the claims now being asserted are not the same claims as the defendants previously litigated in state court, and because there has been no prejudice to the plaintiff in this case, the strong presumption in favor of arbitration is compelling and requires this Court to order the enforcement of the Agreement to Arbitrate or Mediate.

Accordingly,

**IT IS ORDERED** that the defendant's Motion to Compel Arbitration and to Stay Court Proceedings is **GRANTED** and the plaintiff's Motion to Stay Mediation is **DENIED.**

New Orleans, Louisiana, Monday, October 16, 2006.

_____
Judge Jay C. Zainey
United States District Court